IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL S. DURAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.:    17-CV-1918 |
| | ) | |
| VILLAGE OF STONE PARK, | ) | |
| ILLINOIS, a Municipal | ) | |
| Corporation, BENIAMINO | ) | |
| MAZZULLA, Mayor of the | ) | |
| Village of Stone Park, and | ) | |
| MICHAEL PAIGE, Chief of | ) | |
| the Village of Stone Park Fire | ) | |
| Department, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY
## JUDGMENT, COMPENSATION UNDER THE FAIR
## LABOR STANDARDS ACT, ILLINOIS MINIMUM WAGE LAW,
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT, AND OTHER RELIEF

NOW COMES, the Plaintiff, Michael S. Durand (hereinafter, "Plaintiff"), by counsel, Reimer Dobrovolny & Karlson LLC and Law Office of Raymond G. Garza Ltd., complaining of the Defendants, Village of Stone Park, Beniamino Mazzulla, Mayor of the Village of Stone Park and Michael Paige, Chief of the Village of Stone Park Fire Department (hereinafter, "Defendants") Illinois as follows:

## INTRODUCTION

The Plaintiff is an ex-employee of Defendants and bring this suit for unpaid wages against Defendants individually and in their capacity as officers and agents of the Village of Stone Park. The Defendants consistently and knowingly created a scheme to not pay their workers, including the Plaintiff. For example, Plaintiff worked many hours while not receiving

1

the full worth of his labors which was willfully and knowingly allowed for by the Defendants to entice Plaintiff into continuing to work so that Defendants could profit. Through all of this, Plaintiff suffered much economic and emotional hardship.

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, (IWPCA"), for Defendants': (1) failure and refusal to pay Plaintiff at a rate greater than or equal to the minimum wage rate; (2) failure and refusal to pay Plaintiff overtime pay for hours worked in excess of forty (40) hours in individual work weeks; and (3) failure and refusal to pay Plaintiff their earned wages for all time worked at the rates agreed upon by the parties..

## PARTIES.

2.      At all material times hereto, Plaintiff was employed by Defendants as an employee" as defined by the FLSA, 29 U.S.C. §201 *et seq*., IWPCA, 820 ILCS 115/1 *et seq* and the IMWL, 820 ILCS § 115/1 *et seq.*

3.      Plaintiff, is a citizen of the United States, residing in this judicial district, and was an employee of the Defendants, Village of Stone Park, Illinois, at all times material herein. The Plaintiff was employed as a "part-time" firefighter for the Defendants.

4.      At all material times, Defendants were Plaintiff's "employer(s)" as defined by the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS 105/3(c) and the IWPCA 820 ILCS 115/2 and 115/13.

5.      Defendants reside in this judicial district and are citizens of the State of Illinois.

## JURISDICTION AND VENUE

6.      Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b), 28 U.S.C. §1331 and 28 U.S.C. §1337. Venue lies within this District pursuant to 28 U.S.C. §1391. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act - Minimum Wages

Plaintiff hereby re-alleges and incorporates paragraphs 1 through 6 of this Complaint as if fully pleaded herein:

7.      This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for the failure to pay the minimum wage rate to Plaintiff for all time worked between March 10, 2007 through present.

8.      Plaintiff performed work for Defendants within this judicial district. During the course of his employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

9.      Pursuant to 29 U.S.C. §206, Defendants were obligated to compensate Plaintiff at no less than the minimum rate of hourly wages for periods of time Plaintiff performed work for Defendants during March 10, 2007 through present.

10.      Defendants did not compensate Plaintiff at the minimum rate of hourly wages for the work performed for Defendants.

11.      Defendants' failure to pay Plaintiff at a rate greater than or equal to the minimum wage rate for worked performed was a violation of the FLSA, 29 U.S.C. §206.

12.      Defendants willfully violated the FLSA by refusing to compensate Plaintiff at a rate greater than or equal to the minimum wage rate for the work performed.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      Judgment in the amount of the difference between the minimum rate of hourly wages and the rate actually paid for all time Plaintiff worked;

B.      Liquidated damages in an amount equal to the amount of unpaid minimum wage compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act -- Overtime Wages

Plaintiff hereby re-alleges and incorporates paragraphs 1 through 12 of this Complaint as if fully pleaded herein:

13.      This count arises from Defendants violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiff for all time worked in excess of forty (40) hours per individual workweek.

14.      Plaintiff performed work for Defendants within this judicial district. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

15.      During the course of his employment by Defendants, Plaintiff was regularly and customarily directed by Defendants to work, and did work. in excess of forty (40) hours in individual work weeks.

16.      Pursuant to 29 U.S.C. §207, Plaintiff was entitled to compensation at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

17.      Defendants did not compensate Plaintiff at a rate of one and one-half times their

regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

18.     Defendants' failure to pay overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA, 29 U.S.C. §207.

19.     Defendants willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks. WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT III

### Violation of the Illinois Minimum Wage Law - Minimum Wages

Plaintiff hereby re-alleges and incorporates paragraphs 1 through 19 of this Complaint as if fully pleaded herein:

20.     This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for the failure to pay the minimum wage rate to Plaintiff for all time worked between from March 10, 2007 through present.

21.     Plaintiff performed work for Defendants within this judicial district. During the course of his employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the IMWL.

22.     Pursuant to 820 ILCS 105/4, Defendants were obligated to compensate Plaintiff at no less than the minimum rate of hourly wages for periods of time Plaintiff performed work for Defendant.

23.     Defendants did not compensate Plaintiff at the minimum rate of hourly wages for all work performed for Defendants between from March 10, 2007 through present.

24.     Defendants' failure to pay Plaintiff at a rate greater than or equal to the minimum wage rate for worked performed was a violation of the IMWL, 820 ILCS 105/4.

25.     Defendants willfully violated the IMWL by refusing to compensate Plaintiff at a rate greater than or equal to the minimum wage rate for the work performed.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      Judgment in the amount of the difference between the minimum rate of hourly wages and the rate actually paid for all time Plaintiff worked;

B.      Liquidated damages in an amount equal to the amount of unpaid minimum wage compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**

Plaintiff hereby re-alleges and incorporates paragraphs 1 through 25 of this Complaint as if fully pleaded herein.

26.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

27.     At all relevant times herein, each Defendant was an "employer" as defined in the

IMWL, 820 ILCS 105/3(c), and Plaintiff was an "employee" within the meaning of that Act.

28.     During the course of his employment by Defendants, Plaintiff was regularly and customarily directed by Defendants to work, and did work, in excess of forty (40) hours in individual work weeks.

29.     Pursuant to 820 ILCS 105/4a, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

30.     Defendants violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

31.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, reasonable attorney fees, and punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of all back wages due to Plaintiff as provided by the IMWL;

B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act - Earned Wages

Plaintiff hereby re-alleges and incorporates paragraphs 1 through 31 of this Complaint as if fully pleaded herein.

7

32.      This count arises from Defendants' failure to pay Plaintiff his earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/1 *et seq.*

33.      During the course of Plaintiff's employment with Defendants, Plaintiff had agreements that they would be compensated at the agreed upon hourly rates for all time worked on a regular basis.

34.      Defendants failed regularly to compensate the Plaintiff.

35.      Defendants failed to compensate Plaintiff for all time worked at the rate agreed to by the parties.

36.      Plaintiff was entitled to be paid for all time worked at the rate agreed upon by the parties on a timely and regular basis.

37.      Defendants' failure to compensate Plaintiff on a timely and regular basis, and their failure to compensate Plaintiff for all time worked at the rate agreed to by the parties, violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      Judgment in the amount of all back wages due to Plaintiff as provided by the IWPCA;

B.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2

C.      Punitive damages as calculated by section 14 of the Illinois Wage Payment and Collection Act, 820 ILCS 115/14;

D.      Reasonable attorney's fees and cost of this action; and

E.      Such further relief as this Court deems appropriate and just.

Respectfully submitted,


/S Keith A. Karlson
Attorney for Plaintiff


REIMER DOBROVOLNY & KARLSON LLC
15 Spinning Wheel Road, Suite 310
Hinsdale, Illinois 60521
Phone: (630) 654-9547
Fax: (630) 654-9676
kkarlson@rdklaborlaw.com


Respectfully submitted,


/S Raymond G. Garza
Attorney for Plaintiff


LAW OFFICE OF RAYMOND G. GARZA. LTD.
112 N. Cedar Road
New Lenox, Illinois 60451
Phone: (815) 717-8435
Fax: (815) 768-2235
raymondlaw79@gmail.com