## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS AGREEMENT** is made and entered into as of the date of execution as indicated below, by and between Michael S. Durand (hereinafter "Plaintiff"), and the Village of Stone Park, Michael Paige and Beniamino Mazzulla (hereinafter "Defendants") (collectively referred hereto as the "Parties").

### WITNESSETH

**WHEREAS,** Plaintiff filed a complaint pursuant to Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*,("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, ("IWPCA"), in the Northern District of Illinois identified as Case No.: 17-CV-1918 (hereinafter referred to as the "Litigation"), alleging that the Defendants failed to pay Plaintiff for all hours worked (back wages) and overtime for all hours worked in excess 40 hours in a work week in violation of the FLSA, IMWL and IWPCA; and

**WHEREAS,** the Defendants have denied that Plaintiff is entitled to back wages and overtime for hours in excess of 40 hours in a work week because the Defendants allege it properly established a 28-day work period under Section 207(k) of the FLSA entitling Plaintiff to overtime for all hours worked in excess of 212 hours in a 28-day work period; and

**WHEREAS,** the Defendants and Plaintiff dispute the proper standard of calculations of back wages and overtime liability applicable to the Defendants; and

**WHEREAS,** the Parties have reached a compromise as to the appropriate standard of liability applicable to the Defendants and Plaintiff knowingly and voluntarily accept the settlement in full and complete satisfaction of all claims made against the Defendants in the Litigation; and

**WHEREAS,** the Parties desire to fully address, resolve and settle any and all claims, disputes, demands or other related issues arising from Plaintiff's FLSA, IMWL and IWPCA claim and the Litigation and avoid any and all future claims or differences which might hereafter accrue or arise.

**NOW THEREFORE,** based upon good and sufficient consideration, the receipt of which is hereby acknowledged, Plaintiff and the Defendants agree as follows:

1. **Incorporation of Recitals**. The recitals set forth above are true and correct and are incorporated in this Section by reference.

2. **Consideration**. Provided that the conditions in Paragraph 4 are met, the Defendants shall pay Plaintiff the sum of Eighty-Five-Thousand Dollars ($85,000.00), less Plaintiff's required state and federal withholdings and any other deductions required by law, in full and complete settlement of all claims made against the Defendants in the Litigation. Said payments will be made in four equal installments of, $21,250.00 to be apportioned as indicated below and in Appendix A and distributed as indicated in Appendix B, which are attached hereto and incorporated into this Agreement by reference. The Parties agree that payment shall be apportioned as follows: MOTION

EXHIBIT A

$24,000.00 constitutes payment of back wages allegedly owed to the Plaintiff for all uncompensated hours worked for the past ten years beginning in March 12, of 2007 through May 21 of 2016; and

$16,000.00 constitutes payment for the total amount of liquidated damages due to Plaintiffs; and

$45,000.00 constitutes payment for Plaintiffs' attorneys' fees and costs.

If the Defendants fails to timely make any installment payment in accordance with the payment schedule indicated in Appendix B, the Plaintiff will provide the Defendants with written notice of such failure to pay to the Defendants within fourteen (14) days after the date upon which said payment was due. The Defendants shall make said payment within fourteen (14) days of its receipt of said notice. Failure to make said payment in accordance with the payment schedule indicated in Appendices A and B will not accelerate the payment of any other installment.

Instead, if an installment is not paid in accordance with the payment schedule indicated in Appendices A and B within fourteen (14) days of receipt of written notice (including e-mail) from the Plaintiff, or his counsel, the amount owed to the Plaintiff will begin and continue to accrue interest at the highest rate allowed by Illinois law from the date the payment was originally due until the payment is made.

In addition to the interest penalty, the Defendants agrees to pay liquidated damages to the Plaintiff and his attorneys in the amount of One Hundred Dollars ($100) at the beginning of each week that payment is delayed after the abovementioned fourteen (14) day notice period has expired. For the purposes of the interest and liquidated damages provisions, only those individuals who are scheduled to receive a payment during a payment cycle are eligible to receive the liquidated damages referenced in this paragraph.

Plaintiff warrants that this Litigation was brought in the free exercise of his right to do so under 29 U.S.C. §201, *et seq.*, of the FLSA; 820 ILCS 105/1 *et seq.* of the IMWL; and 820 ILCS 115/1 *et seq.*, of the IWPCA, and that this settlement satisfies and extinguishes all claims brought in this Litigation. To resolve this matter, Plaintiff voluntarily and knowingly accepts the above amount as full and total settlement of all claims made against the Defendants in this Litigation.

3.      **Indemnification from Tax Consequences.** The Defendants makes no representations regarding any present or future federal or state tax consequences resulting from this Agreement or any payments made hereunder. Further, should any unforeseen tax consequences arise, the Plaintiff shall not hold the Defendants responsible in any manner and the Plaintiff shall indemnify the Defendants from any and all such consequences.

4.      **Termination/Dismissal of Suit.**  Plaintiff's counsel shall deliver to counsel for the Defendants (a) three fully signed originals of this Agreement; and (b) a signed Release of Attorneys Lien from Plaintiff's counsel. Within five (5) days after the Defendants' Board approves and executes this Agreement, the Parties shall jointly file a Petition for Approval of Settlement (which shall be drafted by the Defendants) with the Court requesting the Court to approve the Settlement and issue an order terminating this matter. Following receipt of this Court's order

approving this settlement agreement and terminating this Litigation, the Defendants shall make said payment to Plaintiff and his attorneys Reimer, Dobrovolny & Karlson LLC and the Law Office of Raymond G. Garza, Ltd. in accordance with Paragraph 2 above and Appendix B, which is attached hereto. In the event that the Parties do not receive an order from the Court terminating the suit by December 14, 2017, or the Court refuses to approve the settlement on the terms agreed upon between the Parties on or before that date, the Parties shall immediately thereafter file a Stipulation to Dismiss the Case with Prejudice on or before December 21, 2017, and the Defendants shall make said Payments to Plaintiff's counsel in accordance with Paragraph 2 and Appendix B. In the event the Court does not enter an order dismissing the case with prejudice on or before January 2, 2018, the parties agree that the Defendants' failure to pay on that date will not constitute a material breach of contract and the parties mutually agree to amend the payment schedule.

5. **No Right To Further Payments.** Plaintiff agrees that his attorneys' receipt of the foregoing payments shall constitute the entire amount of monetary consideration provided to him under this Agreement, that he is not entitled to any further monetary consideration whatsoever from the Defendants, and that he will not seek any further compensation or consideration for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement or the Litigation, or any other events or circumstances that existed or occurred prior to their execution of this Agreement.

6. **No Other Complaints, Claims or Actions**. Plaintiff represents that, with the exception of the Litigation, he has not filed any complaints, claims, or actions against the Defendants, their respective trustees, officers, agents, administrators, directors, supervisors, employees, former employees, representatives or any other defendant with any state, federal, or local agency or court and that he will not do so at any time thereafter regarding matters encompassed in this Agreement, except to enforce the terms of this Agreement.

7. **Release of Claims.** In consideration of the promises contained herein, Plaintiff, for himself, his heirs, executors, agents, representatives, assigns, and successors, and each and every one of them, hereby releases, discharges, and forever frees the Defendants, their respective trustees, officers, agents, administrators, directors, supervisors, employees, former employees, insurers, successors, and assigns, and each and every one of them, of and from any and all claims, demands, obligations, or causes of action, of every kind or nature, at law or in equity, both in court or with an administrative body, which Plaintiff may now have or claims to have or which may hereinafter accrue, whether known or unknown, anticipated or unanticipated against the Defendants, their respective trustees, officers, agents, administrators, employees, insurers, successors, and assigns, and each and every one of them, by reason of any act done or omitted to be done or connected with the Defendants, their respective trustees, officers, agents, administrators, directors, supervisors, employees, former employees, insurers, successors, and assigns, and each and every one of them, arising from or related to the past or present relationship between Plaintiff and the Defendants, except for enforcement of this Agreement. This general release of claims specifically includes, but is not limited to, rights or claims arising under the federal *Age Discrimination in Employment Act of 1967,* 29 U.S.C. Sec. 621 *et seq.* as amended, *Title VII of the Civil Rights Act of 1964,* 42 U.S.C. 2000e *et seq.*, the *Americans with Disabilities Act of 1990,* 42 U.S.C Section 12101 *et seq.*, the *Fair Labor Standards Act*, 29 U.S.C. 201 *et. seq.*, the *Illinois Minimum Wage Law,* 820 ILCS 105/1 *et seq.*, the *Illinois Wage Payment and Collection*

Act, 820 ILCS 115/1 *et seq.*, and the *Illinois Human Rights Act,* 775 ILCS 5/1-101 *et seq.* and the Illinois and United States Constitutions, and any other federal, state or local statute, law, regulation, or order. The release given herein shall be and remain in effect as a full complete release of all matters notwithstanding the discovery or the existence of any additional or different claims or facts. The Defendants agree to do the same with regard to Plaintiff and his heirs, executors, agents, representatives, assigns, and successors.

**8.** **No Instigation Of Litigation**. Both Parties agree that they will not instigate, advise or encourage any other persons, groups of persons, corporations, partnerships or any other entity to file litigation, charges, or claims against the other party.

**9.** **No Reliance On Other Statements**. The Parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the Parties or by any of the Parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

**10.** **Review And Understanding Of Agreement**. The Parties represent that they have reviewed all aspects of this Agreement, that they have carefully read and fully understand all the provisions of this Agreement, that they understand that in agreeing to this document they are releasing one another from any and all claims they may have against one another, that they voluntarily agree to all the terms set forth in this Agreement, that they knowingly and willingly intend to be legally bound by the same, that they were given the opportunity to consider the terms of this Agreement and discuss them with their respective legal counsel, and that the terms of this Agreement were determined through negotiation between counsel for Plaintiff, acting as attorneys in fact and law on behalf of the Plaintiff, and the Defendants' attorneys, doing the same.

**11.** **Contractual Capacity.** The Parties acknowledge that they have entered into this Agreement voluntarily and knowingly and with the full and complete authority and contractual capacity to do so. The Parties acknowledge that they have consulted with an attorney prior to executing this Agreement and have had ample opportunity to review its terms. Plaintiff, therefore, knowingly and voluntarily relinquishes and waives all legal and equitable remedies provided under the federal *Age Discrimination in Employment Act*, as amended. Further, Plaintiff acknowledges that he is aware of and understand all rights and claims pursuant to this Act, including without limitation, the following:

    a. That Plaintiff has the right to be provided twenty-one (21) calendar days to consider this Agreement and acknowledge that he may sign it sooner and that their decision to do so would be knowing and voluntary and not induced by the Defendants through fraud, misrepresentation, or threat;

    b. That for a period of at least seven (7) calendar days following Plaintiff's execution of this Agreement, he has the right to revoke this Agreement by delivering, in person, a written revocation to the Defendants' attorneys at 3030 Salt Creek Lane, Suite 202, Arlington Heights, Illinois by no later than 5:00 p.m. on the seventh calendar day following his execution of this Agreement; and

    c.    That by the release and waiver provisions contained in this Agreement, Plaintiff does not waive rights or claims which may be brought before a court or administrative body pursuant to the *Age Discrimination in Employment Act of 1967*, as amended, arising after the date this Agreement is executed.

**12.** **Effective Date.** Plaintiff acknowledges that pursuant to Paragraph 11 above, he has been offered twenty-one (21) days to consider this Agreement and understands that he may, for a period of seven (7) days from the date of his signature of this Agreement, revoke such Agreement and that this Agreement shall not become effective until eight (8) days have passed from the date Plaintiff signs this Agreement, or the Defendants' signatures of this Agreement have been delivered to Plaintiff's counsel, whichever is later.

**13.** **Confidentiality.** The Parties agree, promise, and covenant that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed to any person or entity, other than to Plaintiff's spouse, if any, or the Parties' attorneys, personal accountants, or tax preparers, appropriate taxing authorities, or as otherwise required by law. The Parties will ensure that all such persons to whom they disclose the terms of this Agreement, including their attorneys, are aware of the confidentiality provision of the Agreement, and any communication by such persons to third parties regarding the contents of this Agreement will be imputed to the party who disseminated the information.

**14.** **No Admissions.** This Agreement shall not in any way be construed as an admission by the Defendants for the purpose of establishing any liability or wrongdoing by the Defendants. Likewise, this Agreement shall not in any way be construed as an admission by the Plaintiff regarding the validity of his claims against the Defendants.

**15.** **Complete Understanding**. This Agreement sets forth all of the promises, agreements, conditions, and understandings between the Plaintiff and the Defendants relative to the subject matter hereof and no other promises, agreements or understandings whether oral or written, expressed or implied exist between the Plaintiff and the Defendants.

**16.** **Amendments**. No provisions or requirements expressed in this Agreement may be altered, modified, changed and/or canceled after the effective date of this Agreement, except upon the express written consent of both Parties.

**17.** **Effect of Agreement**. This Agreement shall inure to the benefit of and bind Plaintiff and his heirs and assigns and the Defendants and their trustees, officers, agents, administrators, employees, insurers, successors and assigns.

**18.** **Applicable Law**. This Agreement shall be governed by the laws of the State of Illinois.

**19.** **Execution**. This Agreement may be executed in multiple counterparts, and a set of counterparts bearing the signatures of each Party hereto shall constitute the Agreement as fully as if the Parties had signed a single document. The Parties agree to accept facsimile or emailed copies of this Agreement as if original copies.

**20. Additional Documents to Effect Agreement**. The Parties agree to execute any and all additional documents necessary to effectuate the intent and purposes of this Agreement.

**21. Severability Clause**. Should any provision of the Agreement be declared illegal by a court of competent jurisdiction, then said provision shall be deleted from this Agreement to the extent it is violative of the law, and the remaining provisions in this Agreement shall remain in full force and effect as long as the intent of the Parties in entering into this Agreement remains intact.

**22. Notice.** Any notice required to be provided hereunder shall be in writing and shall be sent, *via* facsimile and overnight delivery, to the address set forth below:

**Defendants**

Village of Stone Park
1825 N. 32nd Avenue
Stone Park, Illinois 60165
Fax No.: 708-450-3202
Attn.: Mayor

Electronic notice shall be sent to the Defendants' attorney, Timothy E. Guare at tguare@hlerk.com.

**23. Enforcement**. Should it be necessary for any party(ies) to file suit to enforce the terms of this Agreement, the party determined by a court of competent jurisdiction to be in violation of the Agreement will pay all reasonable fees and costs (including all reasonable attorneys' fees) actually incurred to enforce this agreement.

-SIGNATURE PAGE TO FOLLOW-

IN WITNESS WHEREOF, THE DEFENDANTS, VILLAGE OF STONE PARK, MICHAEL PAIGE, and BENIAMINO MAZZULLA and PLAINTIFF, MICHAEL S. DURAND have approved and executed this Agreement in triplicate on the date indicated below. **PLEASE CONSULT WITH LEGAL COUNSEL AND READ CAREFULLY BEFORE SIGNING. THIS DOCUMENT CONTAINS A RELEASE AND WAIVER OF RIGHTS.**

**MICHAEL S. DURAND**

By: _[signature]_

DATE: _11-20-2017_

**THE VILLAGE OF STONE PARK**

By: _Beniamino Mazzulla_

DATE: _11/28/17_

**MICHAEL PAIGE**

By: _Michael Paige_

DATE: _11/29/17_

**BENIAMINO MAZZULLA**

By: _Beniamino Mazzulla_

DATE: _11/28/17_

7

## **RELEASE OF ATTORNEY'S LIEN**

IN CONSIDERATION of payment of $85,000.00, less Plaintiff's required state and federal withholdings and any other deductions required by law, to the Plaintiff and his attorneys, the undersigned attorneys hereby waive and release the Defendants, Village of Stone Park, Michael Paige and Beniamino Mazzulla, their subsidiaries, holding companies, predecessors, parent corporations, affiliates, related companies, divisions, successors, assigns, officers, directors, attorneys, employees, agents, trustees, representatives, and insurers from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by them in connection with any claims or causes of actions that this Plaintiff did bring or may have brought to date against the Defendants.

By: _____
Keith Karlson
On behalf of Reimer Dobrovolny & Karlson LLC

By: _____
Raymond G. Garza
On behalf of Law of Raymond G. Garza, Ltd.

SUBSCRIBED AND SWORN
to before me this 21st day
of November, 2017.

_____
Notary Public

"OFFICIAL SEAL"
CHRISTINE M GARZA
Notary Public, State of Illinois
My Commission Expires 9/29/2021

468835_2

8

## APPENDIX A

## CLIENT DISBURSEMENT WORKSHEET

| | |
|---|---|
| Employer Offer for Settlement | $85,000.00 |
| Less Attorney's Fees and costs | $45,000.00 |
| Total Disbursement to Client | $40,000.00** |

\*\* Note: For reference, the amounts set forth in Appendices A and B do not reflect the deductions for all state and federal withholdings and any other deductions required by law. In accordance with Paragraph 2, Plaintiffs' required state and federal withholdings and any other deductions required by law will be deducted from the amounts stated in Appendices A and B.

## APPENDIX B
## PAYMENT SCHEDULE

The Parties agree the $85,000.00* will be paid in four equal installments of $21,250.00 in the manner described in this agreement and will be distributed by the Defendants as follows:

No later than January 2, 2018, the Defendants will pay the following:

| | Name of Payee | Amount Paid During Installment | Amount Owed After Installment |
|---|---|---|---|
| 1. | Michael S. Durand | $7,083.34** | $32,916.66 |
| 2. | Law of Raymond G. Garza, Ltd. | $7,083.33 | $15,416.67 |
| 3. | Reimer Dobrovolny & Karlson LLC | $7,083.33 | $15,416.67 |
| | **TOTAL** | **$21,250.00** | -$63,750 |

No later than May 1, 2018, the Defendants will pay the following:

| | Name of Payee | Amount Paid During Installment | Amount Owed After Installment |
|---|---|---|---|
| 1. | Michael S. Durand | $7,083.34** | $25,833.32 |
| 2. | Law of Raymond G. Garza, Ltd. | $7,083.33 | $8,333.34 |
| 3. | Reimer Dobrovolny & Karlson LLC | $7,083.33 | $8,333.34 |
| | **TOTAL** | **$21,250.00** | -$42,500 |

No later than September 1, 2018, the Defendants will pay the following:

| | Name of Payee | Amount Paid During Installment | Amount Owed After Installment |
|---|---|---|---|
| 1. | Michael S. Durand | $7,083.34** | $18,749.98 |
| 2. | Law of Raymond G. Garza, Ltd. | $7,083.33 | $1,250.01 |
| 3. | Reimer Dobrovolny & Karlson LLC | $7,083.33 | $1,250.01 |
| | **TOTAL** | **$21,250.00** | -$21,250.00 |

No later than January 2, 2019, the Defendants will pay the following:

| | Name of Payee | Amount Paid During Installment | Amount Owed After Installment |
|---|---|---|---|
| 1. | Michael S. Durand | $18,749.98** | $0 |
| 2. | Law of Raymond G. Garza, Ltd. | $1,250.01 | $0 |
| 3. | Reimer Dobrovolny & Karlson LLC | $1,250.01 | $0 |
| | **TOTAL** | **$21,250.00** | $0 |

** Note: For reference, the amounts set forth in Appendices A and B do not reflect the deductions for all state and federal withholdings and any other deductions required by law. In accordance with Paragraph 2, Plaintiffs' required state and federal withholdings and any other deductions required by law will be deducted from the amounts stated in Appendices A and B.

10